United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ingrid Senalle, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-23211-Civ-Scola |
| ) | |
| Geovera Specialty Insurance ) | |
| Company, Defendant. ) | |

### Order Denying Motion to Dismiss

This matter is before the Court upon Defendant Geovera Specialty Insurance Company's motion to dismiss the complaint for failure to join an indispensable party. (Def.'s Mot., ECF No. 4; Compl., ECF No. 1-1 at 7.) Plaintiff Ingrid Senalle has responded to the motion and the Defendant has replied thereto. (Pl.'s Resp., ECF No. 6; Def.'s Reply, ECF No. 11.) Having reviewed the record, the motion, the parties' submissions, and the relevant legal authorities, the Court **denies** the motion to dismiss (**ECF No. 4**).

I. **Background**

The Plaintiff filed this breach of contract action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on June 30, 2020. (ECF No. 1-1.) The complaint alleges that on or about September 10, 2017, the Plaintiff suffered a property loss due to Hurricane Irma, which was a covered loss under an insurance policy issued by the Defendant. (*Id.*) The insureds under the policy are both the Plaintiff, Ingrid Senalle, as well as her then-husband, Modesto Gato. (ECF No. 4.)

The Defendant was served with a copy of the complaint on July 14, 2020, and removed the action to this Court on August 3, 2020. (ECF No. 1.) Shortly thereafter, the Defendant filed a motion to dismiss the complaint because the Plaintiff failed to join Modesto Gato, a named policyholder, on the basis that he is an indispensable party to this action.

II. **Legal Standard**

Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a (party under Rule 19, is a "two-step inquiry." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003). "First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Imps., Inc. v. Int'l Spirits & Wines,*

*LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (O'Sullivan, Mag. J.) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, *i.e.*, that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007) (Cooke, J.). However, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (Per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Second, if the absent party's joinder is not feasible — *i.e.*, joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action — the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) ("[T]he court must [first] ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."). "Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party." *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *2 (S.D. Fla. Apr. 30, 2020) (Bloom, J.) (citations omitted).

Rule 19(b) enumerates a list of the most significant factors considered in determining whether joinder of an absent party is indispensable, which includes "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder" of the absentee. Fed. R. Civ. P. 19(b). Those factors "must be reviewed in light of pragmatic concerns, especially the effect on the

parties and the litigation." *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985) (citations omitted). Finally, Rule 19(a)(3) provides that "[i]f a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3).

### III.   Analysis

At the outset, the Court unfortunately must state that "[w]hen parties do not explain their arguments or support them with citation to legal authority, the burden upon the Court is improperly increased." *Amerikooler, LLC v. Coolstructures, Inc.*, No. 17-24420-CIV, 2019 WL 2373560, at *2 (S.D. Fla. June 5, 2019) (Scola, J.). Although the Defendant submitted persuasive briefs, the one-sentence-long opposition brief submitted by the Plaintiff's counsel was of unacceptably poor quality and it unduly drained judicial resources. The opposition is nothing more than a cover page for a two-sentence-long affidavit that, for reasons explained below, also does not assist the Court in resolving the motion. Further, the Plaintiff's brief cites no authority. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments."). It does not grapple with the issues, much less explain why the Court should deny the motion. The Plaintiff's counsel is warned to correct this minimalist approach to litigating, which is a disservice to her client.

Turning to the issues at hand, Mr. Gato is identified as an "insured" under the policy and he is an interested party. The affidavit submitted by the Plaintiff appears to be intended to establish that Mr. Gato assigned all of his interests in the insurance policy to the Plaintiff. (ECF No. 7-1.) The Defendant's position is that it "does not oppose continuing the litigation with Ingrid Senalle as the sole Plaintiff," but the Defendant "can only agree to do so if it has been established by the Court that Mr. Gato has successfully released all interests he may have in the claim, Policy and litigation." (ECF No. 11 at 2.) The Defendant's position is correct because if it "were to agree to Plaintiff's position without judicial confirmation, it would leave [the Defendant] at risk of Mr. Gato changing his position or attempting to make a claim for the same benefits under the policy." (*Id.*) This is the very result that Rule 19 is designed to avoid.

The Court cannot conclude that Mr. Gato released all interests he may have in the claim, policy, and litigation, and further that he assigned those interests to the Plaintiff. Mr. Gato's notarized affidavit states, in full:

> I, MODESTO GATO, irrevocably assign any and all insurance rights, benefits and proceeds under the above referenced case

> number to INGRID SENALLED. As an interested party to this matter, I direct to be released as such.

(Gato Aff., ECF No. 7-1.) At the outset, it bears noting that this affidavit could have significant legal consequences to Mr. Gato. It was executed on August 24, 2020, nearly three years after the claim arose and on the same day the Plaintiff's opposition to the motion to dismiss was filed. This suggests that Mr. Gato had an interest in the insurance policy when the claim arose, so a finding of a post-claim assignment of his interests under the policy would be particularly damaging to Mr. Gato if he did not in fact intend to make the assignment. Indeed, he admits that he is "an interested party." (*Id.*)

Unaided by the Plaintiff's counsel, the Court presumes that the purpose of this affidavit is to reflect that Mr. Gato assigned his interests in the insurance policy to the Plaintiff. However, that is not what the words of the affidavit say, and the Court cannot conclude that this is an effective assignment. First, the affidavit states that Mr. Gato assigns his "insurance rights" under a "case number." (*Id.*) The "case number" that appears on the affidavit is the state court case number assigned to this case before it was removed (even though the affidavit was executed *after* this case was removed and assigned a new case number in this Court). This begs multiple questions. If an affidavit was prepared for Mr. Gato that reflects the wrong case number in the wrong jurisdiction, was he made aware of this federal case? If he disclaimed rights under a closed case number (although it is unclear what it means to disclaim rights under a "*case number*"), did he intend thereby to also disclaim rights under the *insurance policy*? Moreover, the timing of the affidavit suggests that it was procured by the Plaintiff in order to defeat the motion to dismiss. Is he aware that he may have rights under the policy? Was he told that the insurance policy that is the subject of litigation may have entitled him to a considerable payout if it covered a jointly owned property when Hurricane Irma damaged it?

The affidavit raises many questions and it answers virtually none. The Court declines to answer these and other questions in a manner adverse to Mr. Gato, who is neither a party to, nor represented by counsel in, this case. The Court cannot find that this purported assignment was knowingly and voluntarily entered. Moreover, even if it was so entered, it does not expressly assign his rights under the *insurance policy*. Similarly ineffective was the Plaintiff's "Notice of Serving Marital Settlement Agreement in Opposition to Defendant's Motion to Dismiss." (ECF No. 6.) The Notice states that the Plaintiff and Mr. Gato's marriage was dissolved and that a copy of the marital settlement agreement ("MSA") was served upon the Defendant. However, the

MSA was not put in the record, leaving the Court without so much as a clue as to what it says, much less how it ought to be construed "in opposition" to the motion.

Now that it has been established that Mr. Gato is an interested party and that his purported assignment was ineffective, the Court turns to the second step of the Rule 19 analysis: Whether "the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The action should be dismissed only "where the nonparty cannot be made a party." *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *2 (S.D. Fla. Apr. 30, 2020) (Bloom, J.). As no briefing was submitted on this issue, the Court is not in a position to evaluate whether Mr. Gato can be made a party to this action.

However, because the Defendant has not argued that joinder would be infeasible, and despite the Plaintiff's counsel's failure to address this issue, the Court concludes that dismissal of the action is inappropriate at this juncture. *See* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."); *see also Davis v. Raymond*, No. 12-22578-CIV, 2013 WL 2047424, at *4 (S.D. Fla. May 14, 2013) (Moreno, J.) ("In this case, [Defendant] has not argued that Hodge cannot be made a party or that joinder is not feasible. Since joinder of Hodge is thus presumably feasible, [Defendant] cannot seek dismissal of [the] complaint under Rule 12(b)(7) . . . . Rather, [Defendant] may at most request that the Court order Davis to join Hodge as a necessary party under Rule 19(a)(2)."); *EuroSillas, C.A. v. Citigroup, Inc.*, No. 11-23103-CIV, 2012 WL 253227, at *2 (S.D. Fla. Jan. 26, 2012) (Cooke, J.) (finding dismissal of the action "inappropriate" for failure to join where indispensable party could be joined to the case). Therefore, rather than dismissing this case, the Court will order that the Plaintiff join Modesto Gato as a party to this action by September 24, 2020. *See Moreiras v. Scottsdale Ins. Co.*, 2020 WL 2084851, at *3.

### IV. Conclusion

Accordingly, the Plaintiff is **ordered** to **join** Modesto Gato as a party to this action, via an amended complaint, which shall be filed on or before **September 24, 2020**. The Plaintiff's failure to comply with this order may result in sanctions, including dismissal without further notice.

**Done and ordered** at Miami, Florida on September 16, 2020.

_____
Robert N. Scola, Jr.
United States District Judge